UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Civil Action No. 07-cv-01257-REB

CRAIG D. SUNDQUIST,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

## ORDER AFFIRMING COMMISSIONER

**Blackburn, J.**

The matter before me is plaintiff's Complaint [#1], filed June 14, 2007, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that a he is disabled as a result of a variety of ailments, including a precancerous condition of the prostate, a pituitary gland tumor, osteoporosis, sleep apnea, low back pain, headaches, and fatigue. After his application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on October 24, 2006. At the time of the hearing, plaintiff was 60 years old. He has a college education and two master's degrees and past relevant work experience as a middle school guidance counselor and safety

manager. He engaged in substantial gainful activity since his alleged date of onset, November 19, 2004, but earnings reported after that date were from accumulated sick leave.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the medical evidence established that plaintiff suffered from the severe impairments of sleep apnea, pituitary tumor with resulting headaches and fatigue, and osteoporosis with low back pain, the judge concluded that the severity of such impairments did not meet or equal any impairment listed in the social security regulations. The ALJ found that plaintiff had the residual functional capacity to perform a full range of light work, which did not preclude his past relevant work. He therefore found plaintiff not disabled at step four of the sequential evaluation. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the

claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f). **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. **Id.** A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive

and terminates the analysis. ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. ***Brown***, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. ***Id.***

### III. LEGAL ANALYSIS

Plaintiff makes two primary arguments on appeal: (1) that the ALJ erroneously noted that the vocational expert testified at the hearing, when in fact she did not; and (2) that the ALJ improperly discredited plaintiff's testimony.[1] Neither of these arguments

---

[1] Plaintiff also makes a cursory reference at the very end of his brief to the ALJ's decision to discount the opinions of his treating physicians. I do not consider such inadequately briefed arguments, *see Adler v. Wal-Mart Stores*, 144 F.3d 664, 679 (10th Cir. 1998), and the assignment of error is subject to rejection on that basis alone. Moreover, it is clear that the ALJ properly considered the treating

4

merits reversal of the Commissioner's decision.

It is true that the vocational expert did not testify at the hearing, but merely presented the ALJ and the parties with a written report describing the vocational demands of plaintiff's past relevant work. However, because plaintiff was found disabled at step four of the sequential evaluation process, the testimony of a vocational expert was not necessary to establish that plaintiff could perform his past relevant work. *See* 20 C.F.R. § 404.1560(b)(2); **Trujillo v. Astrue**, 241 Fed.Appx. 526, 528-29 (10th Cir. July 24, 2007) (citing **Glenn v. Shalala**, 21 F.3d 983, 988 (10th Cir. 1994)). It is thus difficult to conceive how the vocational expert's failure to testify prejudiced plaintiff. **Bernal v. Bowen**, 851 F.2d 297, 302 (10th Cir. 1988); **Frazee v. Barnhart**, 259 F.Supp.2d 1182, 1200 n.22 (D. Kan. 2003). More to the point, plaintiff presents no argument that the misstatement prejudiced his substantial rights in any other way. In sum, the error was clearly harmless, and therefore does not warrant remand.

Plaintiff also claims the ALJ improperly relied on reports showing his continuing ability to ski to discredit his testimony regarding the disabling nature of his impairments. "[C]redibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence." **White v. Barnhart**, 287 F.3d 903, 909 (10th Cir. 2001) (quoting **Kepler v. Chater**, 68 F.3d 387, 390-91 (10th Cir. 1995)). So long as the ALJ links his credibility assessment to specific evidence in the record, his determination is entitled to substantial deference. *Id.* at 910; *see also* **Qualls v. Apfel**,

---

physician opinions and gave specific and legitimate reasons for the weight he ultimately assigned those opinions. *See Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003); **Goatcher v. United States Department of Health & Human Services**, 52 F.3d 288, 290 (10th Cir. 1995).

5

206 F.3d 1368, 1372 (10th Cir. 2000). Contrary to plaintiff's argument, the ALJ did not "cherry-pick" the record in this regard.[2] Although he did state that such active pursuits as skiing were inconsistent with the degree of disability plaintiff alleged, the judge also noted numerous other factors that undermined plaintiff's subjective complaints, including the fact that plaintiff's sleep apnea, headaches, and testosterone deficiency responded well to treatment, that he took nothing more powerful than aspirin or ibuprofen for his headaches, that the medical expert who testified at the hearing did not find plaintiff's impairments to have a disabling impact, and that plaintiff can care for himself, drive, do light gardening and household repairs, and engage in other daily activities without significant restriction. (*See* Tr. 19-21.) His credibility determination in this regard presents no reversible error.

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated July 28, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

---

[2] In particular, plaintiff's argument that the ALJ failed to follow the requirements of *Luna v. Bowen*, 834 F.2d 161 (10th Cir.1987), is specifically belied by the record (*see* Tr. at 19-21).